FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COUNT US IN, WOMEN4CHANGE INDIANA, and JOSH MONTAGNE,<br><br>    Plaintiffs,<br><br>v.<br><br>DIEGO MORALES, in his official capacity as Indiana Secretary of State; PAUL OKESON, in his official capacity as Chair of the Indiana Election Commission; SUZANNAH WILSON OVERHOLT, in her official capacity as Vice-Chair of the Indiana Election Commission; KAREN CELESTINO-HORSEMAN, in her official capacity as member of the Indiana Election Commission; LITANY A. PYLE, in her official capacity as member of the Indiana Election Commission; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division; and MONROE COUNTY BOARD OF ELECTIONS,<br><br>    Defendants. | Case No.: 1:25-cv-00864 |

## CASE MANAGEMENT PLAN

**I.    Parties and Representatives**

    A.    <u>Plaintiffs</u>
            Count US IN
            Women4Change
            Josh Montagne

            <u>Defendants</u> (in their official capacities)
            Diego Morales
            Paul Okeson

Suzannah Wilson Overholt
Karen Celestino-Horseman
Litany A. Pyle
J. Bradley King
Angela M. Nussmeyer
Monroe County Board of Elections

B.    <u>Counsel for Plaintiffs</u>
Jeffrey Macey
Macey Swanson LLP
429 N. Pennsylvania Street, Suite 204
Indianapolis, IN 46204
jmacey@maceylaw.com
(317) 637-2345

Aria Branch
Katie Chamblee-Ryan
William Hancock
Daniel Cohen
Elias Law Group LLP
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20001
abranch@elias.law
kchambleeryan@elias.law
whancock@elias.law
dcohen@elias.law
(202) 968-4490

C.    <u>Counsel for State Defendants</u>
James A. Barta
Solicitor General
Office of the Indiana Attorney General
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-0709
James.Barta@atg.in.gov

Jefferson S. Garn
Special Counsel – Litigation
Office of the Indiana Attorney General
302 W. Washington St.
Indianapolis, IN 46204
(317) 232-5933
Jefferson.Garn@atg.in.gov

Kyle Hunter
Assistant Section Chief, Civil Appeals
Office of the Indiana Attorney General
302 West Washington Street
IGCS Fifth Floor
Indianapolis, IN 46204
(317) 522-9814
Kyle.Hunter@atg.in.gov

Bradley Davis
Deputy Attorney General
Office of the Indiana Attorney General
302 W. Washington St.,
IGCS Fifth Floor
Indianapolis, IN 46204
(317) 233-5601
Bradley.Davis@atg.in.gov

D. Counsel for County Defendants

David Brian Schilling
Monroe County Attorney
Courthouse, Room 220
Bloomington, IN 47404
(812) 349-2525
Fax: (812) 349-2982
dschilling@co.monroe.in.us

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. Subject Matter Jurisdiction

This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343 because the matter in controversy arises under the Constitution and laws of the United States and asserts the deprivation, under color of state law, of rights under the U.S. Constitution.

B. <u>Claims</u>

**Plaintiffs:**

In Count I, Plaintiffs allege that Indiana's Senate Bill 10, which categorically prohibits the use of student ID for voting, (the Student ID Ban") violates the First and Fourteenth Amendments to the U.S. Constitution because it imposes an undue burden on the right to vote. Under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, a court considering a challenge to a state election law must first carefully balance the character and magnitude of the injury to the First and Fourteenth Amendment rights that the plaintiff seeks to vindicate against the justifications put forward by the state for the burdens imposed by the rule. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). Here, as set forth in Plaintiffs' Complaint (Doc. 1), the Student ID Ban imposes substantial, unjustified burdens on the right to vote for young voters in Indiana. The burdens imposed by the Student ID Ban cannot be justified by any legitimate state interest and are not narrowly tailored to serve any compelling state interest.

In Count II, Plaintiffs allege that the Student ID Ban violates the Twenty-Sixth Amendment to the U.S. Constitution, which provides in relevant part: "The right of citizens of the United States, who are eighteen years of age or older, to vote shall not be denied or abridged by . . . any State on account of age." U.S. Const., amend. XXVI, § 1. In prohibiting any abridgment of the right to vote on account of age, the Twenty-Sixth Amendment mirrors the Fifteenth Amendment, which provides that voting rights "shall not be denied or abridged . . . on account of race, color, or previous condition of servitude." U.S. Const., amend. XV, § 1. The Student ID Ban violates the Twenty-Sixth Amendment by targeting student IDs—and only student IDs—for exclusion as a valid form of photo ID for voting after years of accepting them for this purpose without any issues, intentionally abridging the voting rights of young voters on account of age. As set forth in Plaintiffs' Complaint (Doc. 1), voters who rely on student ID to vote are overwhelmingly young. These young voters are also less likely to already have an alternate form of ID and face significant hurdles to obtaining one in time to vote.

**State Defendants:**

The plaintiffs' case should be dismissed. There is no constitutional right to use a student ID to vote. Indiana's Senate Bill 10 does not permit voters to use a student ID issued from state colleges and universities for voting—just like student IDs issued by private colleges and universities have never been permissible identification to vote. And, there is a legitimate and lawful reason for this. At least some plaintiffs lack standing to bring their asserted claims and fail to state a claim upon which relief can be granted. Recently, a district court in Idaho held that

Idaho's elimination of student-identification cards as identification for voting was not an abridgement of the right to vote, relying on the Seventh Circuit analysis in *Tully v. Okeson*, 78 F.4th 377 (7th Cir. 2023). *Mar. for Our Lives Idaho v. McGrane*, 749 F. Supp. 3d 1128 (D. Idaho 2024).

**Monroe County Defendants:**

Monroe County Board of Elections is statutorily charged with administering elections in Monroe County in compliance with Indiana law. Monroe County Board of Elections will comply with Senate Bill 10 until it is amended or declared invalid by a Court of Law. In light of its position in this matter, the Monroe County Board of Elections will respectfully request the Court to excuse it from briefing requirements and from attending court hearings related to this case's merits.

**III.** **Pretrial Pleadings and Disclosures**

    A.    Initial Disclosures:

        **Plaintiffs:** The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before July 24, 2025.

        **State Defendants:** The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before September 5, 2025.

    B.    Plaintiff(s) shall file preliminary witness and exhibit lists on or before September 12, 2025.

    C.    Defendant(s) shall file preliminary witness and exhibit lists on or before September 19, 2025.

    D.    All motions for leave to amend the pleadings and/or join additional parties shall be filed on or before October 6, 2025, unless they are in response to a motion to dismiss or a ruling on a motion to dismiss.

    E.    Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before October 6, 2025. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

    F.    Expert witness disclosure:

        **Plaintiffs:** Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall

disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before March 30, 2026. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before April 30, 2026; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before April 30, 2026.

**State Defendants:** Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before May 5, 2026. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before June 5, 2026; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before June 5, 2026.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before July 3, 2026. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before July 6, 2026. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

**Plaintiffs:** Plaintiffs will likely seek preliminary relief in early 2026 to ensure that they and their members are not illegally injured in the 2026 primary and general

elections, which occur as early as May 5, 2026. Therefore, Plaintiffs intend to commence discovery after the parties serve initial disclosures even if a Rule 12 motion is pending.

**State Defendants:** The State Defendants may move to limit or stay discovery depending on the nature and extent of Plaintiffs' discovery requests while a motion to dismiss is pending.

K.  Discovery of electronically stored information ("ESI").

**ESI File Format & Production Format:** The parties propose that any ESI documents be produced in TIFF, with spreadsheets and slideshows produced natively. Documents will be produced in a searchable form, Bates stamped, with logical document breaks, and with load fields enabling review in common litigation databases. Metadata fields will include (as applicable): BEGBATES, ENDBATES, BEGATTACH, ENDATTACH; CUSTODIAN, REDACTED, OTHER_CUSTODIAN, and CDVOLUME.

**ESI Search Methodology & Transparency:** The parties propose that the parties may use keyword searches to find responsive documents and that the parties confer over appropriate search methodology as necessary during conferrals over responses to requests for production. General ESI production requests may shall include e-mail and other forms of electronic correspondence. The parties shall confer regarding exchanging lists of the most significant e-mail custodians in view of the pleaded claims and defenses.

**Claw back provision:** In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.     Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    **Plaintiffs:** Plaintiffs' First and Fourteenth Amendment claims both require the state to establish a legitimate government interest served by the challenged statute. Here, there is no coherent government interest served by excluding otherwise eligible forms of identification merely because they were issued by an educational institution. Therefore, there may not be sufficient material facts in dispute to uphold the challenged statute and summary judgment may be appropriate in this case.

        **State Defendants:** The State Defendants expect to move to dismiss the case because the controlling case law for the Seventh Circuit establishes that there is no constitutional right to use a student identification card to vote. *See, e.g., Tully v. Okeson*, 78 F.4th 377, 382 (7th Cir. 2023). But even if the motion to dismiss were not granted, the facts are such where the material facts may not be in dispute so motions for summary judgment would be appropriate.

    B.    On or before March 12, 2026, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

C. Select the track that best suits this case:

\_\_\_\_\_ Track 1: No dispositive motions are anticipated. All fact discovery shall be completed by November 5, 2025.

__X__ Track 2: Dispositive motions are expected and shall be filed by May 5, 2026;[2] non-expert witness discovery and discovery relating to liability issues shall be completed by March 5, 2026; expert witness discovery and discovery relating to damages shall be completed by August 5, 2026. All remaining discovery shall be completed by no later than September 7, 2026.

\_\_\_\_\_ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility. However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

**V. Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties do not expect this case to be resolved by settlement.**

**VI. Trial Date**

The parties request a trial date in January 2027. The trial is by Court and is anticipated to take 3-5 days.

---

[2] The parties would use the following schedule for dispositive motions:
    A. Plaintiffs' Motion and Brief in Support (limited to 35 pages);
    B. Within 28 days, Defendants' Cross-Motion, Brief in Support and Response in Opposition (limited to 50 pages);
    C. Within 28 days, Plaintiffs' Reply in Support of Motion and Response in Opposition to Cross-Motion (limited to 35 pages);
    D. Within 14 days, Defendants' Reply in Support of Cross-Motion (limited to 20 pages).

**VII. Referral to Magistrate Judge**

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII. Required Pre-Trial Preparation**

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers,

        that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

    6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

    1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

    2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.   Other Matters**

N/A

| | |
|---|---|
| /s/ *Jefferson Garn*<br>Jefferson S. Garn<br>Special Counsel – Litigation<br>Office of the Indiana Attorney General<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>(317) 232-5933<br>Jefferson.Garn@atg.in.gov<br><br>Kyle Hunter<br>Assistant Section Chief, Civil Appeals<br>Office of the Indiana Attorney General<br>302 West Washington Street<br>IGCS Fifth Floor<br>Indianapolis, IN 46204<br>(317) 522-9814<br>Kyle.Hunter@atg.in.gov<br><br>James A. Barta<br>Solicitor General<br>Office of the Indiana Attorney General<br>302 W. Washington St.<br>Indianapolis, IN 46204<br>(317) 232-0709<br>James.Barta@atg.in.gov<br><br>Bradley Davis<br>Deputy Attorney General<br>Office of the Indiana Attorney General<br>302 W. Washington St.,<br>IGCS Fifth Floor<br>Indianapolis, IN 46204<br>(317) 233-5601<br>Bradley.Davis@atg.in.gov<br><br>*Counsel for State Defendants* | Respectfully submitted,<br><br>/s/ *Jeffrey Macey*<br>Jeffrey Macey<br>**Macey Swanson LLP**<br>429 N. Pennsylvania Street, Suite 204<br>Indianapolis, IN 46204<br>jmacey@maceylaw.com<br><br>/s/ *Aria Branch*<br>Aria Branch\*<br>Katie Chamblee-Ryan\*<br>William Hancock\*<br>Daniel Cohen\*<br>**ELIAS LAW GROUP LLP**<br>250 Massachusetts Avenue NW, Suite 400<br>Washington, D.C. 20002<br>abranch@elias.law<br>kchambleeryan@elias.law<br>whancock@elias.law<br>dcohen@elias.law<br>Tel: (202) 968-4490<br><br>*Counsel for Plaintiffs*<br>\**Admitted Pro Hac Vice*<br><br>/s/ *David Schilling*<br>David Brian Schilling<br>Monroe County Attorney<br>Courthouse, Room 220<br>Bloomington, IN 47404<br>(812) 349-2525<br>Fax: (812) 349-2982<br>dschilling@co.monroe.in.us<br><br>*Counsel for County Defendants* |

****************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR<br><br>_____ BY VIDEO, LINK TO BE PROVIDED BY SEPRATE ORDER |
|   | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**