# EXHIBIT 19

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| COUNT US IN, WOMEN4CHANGE INDIANA, and JOSH MONTAGNE,<br><br>        Plaintiffs,<br><br>v.<br><br>DIEGO MORALES, in his official capacity as Indiana Secretary of State; PAUL OKESON, in his official capacity as Chair of the Indiana Election Commission; SUZANNAH WILSON OVERHOLT, in her official capacity as Vice-Chair of the Indiana Election Commission; KAREN CELESTINO-HORSEMAN, in her official capacity as member of the Indiana Election Commission; LITANY A. PYLE, in her official capacity as member of the Indiana Election Commission; J. BRADLEY KING, in his official capacity as Co-Director of the Indiana Election Division; ANGELA M. NUSSMEYER, in her official capacity as Co-Director of the Indiana Election Division; and MONROE COUNTY BOARD OF ELECTIONS,<br><br>        Defendants. | Case No.: 1:25-CV-00864-RLY-MKK |

### PLAINTIFF COUNT US IN'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR DISCOVERY

Pursuant to Federal Rules of Civil Procedure 33(b) and 34(b)(2), Plaintiff Count US IN provides the following Objections and Responses to Defendants' First Set of Requests for Discovery to Plaintiff, served on November 19, 2025.

### PRELIMINARY STATEMENT

Discovery is ongoing. These objections and responses are based on the information and documents currently available to Plaintiff following a reasonable search and discoverable under

**EXHIBIT 19**

the applicable rules and Court's scheduling order. Plaintiff reserves its rights to alter, supplement, amend, or otherwise modify these objections and responses in light of additional facts revealed through subsequent inquiry.

## GENERAL OBJECTIONS

1.     Plaintiff objects to Defendants' definitions of "Plaintiff," "You," "Your," "Yours," and "Yourself" in definition "A" as overly broad and unduly burdensome, including because it purports to define "Plaintiff" and "You" to include "Plaintiff's counsel," which impermissibly requests privileged information, and states that Defendants' requests "should not be limited to mean merely asking for the knowledge of the person signing for the party." Plaintiff will construe "Plaintiff" and "You" to refer to Count US IN and will answer each of Defendants' requests based on the information reasonably available to it.

2.     Plaintiff objects to Defendants' definition of "Identify" in definition "B" as overly broad and unduly burdensome, including because it requires Plaintiff to provide extensive information about each document it "identifies," which may or may not be within Plaintiff's possession, custody, or control.

3.     Plaintiff objects to Defendants' definition of "Communication" in definition "D" as overly broad and unduly burdensome and as vague and ambiguous, including because it purports to define "communication" to include ephemeral acts such as "gesture[s]" and "face-to-face conversations" that may or may not be within Plaintiff's possession, custody, or control.

4.     Plaintiff objects to each of Defendants' requests to the extent that it is overly broad and unduly burdensome, and not reasonably calculated to yield discoverable material, including to the extent that responsive materials and information are available to the public and thus, no more burdensome for Defendants to obtain than Plaintiff.

**EXHIBIT 19**

5.     Plaintiff objects to each of Defendants' requests to the extent that they seek documents and information protected from disclosure by the work-product doctrine, the attorney-client privilege, common interest doctrine, or any other applicable privilege or immunity recognized by law including, without limitation, the associational rights protected by the First Amendment to the United States Constitution.

## OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION

**Request for Production No. 1:** Provide true, accurate, and complete copies of all documents identified in your Answers to Defendants' Interrogatories.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Subject to and without waiving those objections, Plaintiff will produce copies of non-privileged documents specifically identified in Plaintiff's responses to Defendants' interrogatories.

**Request for Production No. 2:** Provide true, accurate, and complete copies of all documents relied upon in answering Defendants' Interrogatories.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, in that it calls for all documents "relied upon" in answering Defendants' interrogatories without defining that term. Plaintiff further objects to this Request to the extent it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff will produce copies of all non-privileged documents specifically identified in Plaintiff's responses to Defendants' interrogatories.

**EXHIBIT 19**

**Request for Production No. 3:** Provide every document Plaintiff relied upon in drafting the Complaint or intends to introduce or rely on in support of any Motion for Preliminary Injunction or Motion for Summary Judgment, including the support for the assertions in paragraphs 2, 8, 33, 34, 35, 36, 37, 43, 44, 58, 59, 61, 62, 64, 65, and 74 of the Complaint.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as vague and ambiguous, in that it calls for all documents "relied upon" in drafting the Complaint without defining that term. Plaintiff further objects to this Request because it calls for documents that are not within Plaintiff's possession, custody, or control, including documents supporting Plaintiff's claims that are in the custody of Defendants or other third parties. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff will produce copies of all non-privileged documents that were specifically identified in the requested paragraphs of the Complaint as supporting the specific factual allegations therein or that are the sources of specific quoted remarks or data in the requested paragraphs of the Complaint.

**Request for Production No. 4:** Provide all documents and communications relating to, concerning, and/or supporting Plaintiff's claims for relief, including reasonable attorney's fees and costs, including:

**EXHIBIT 19**

a. Any document supporting the assertion that SB 10 imposes burdens on voters under 30 in Indiana, and

b. Any document supporting the assertion that SB 10 violates the Twenty-Sixth Amendment by targeting Student IDs.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents and communications supporting Plaintiff's claims for relief; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the claim at issue. Plaintiff further objects to this Request as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Request because it calls for documents that are not within Plaintiff's possession, custody, or control, including documents supporting Plaintiff's claims that are in the custody of Defendants or other third parties. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff will produce copies of non-privileged documents in its possession, custody, or control consistent with the requirements

**EXHIBIT 19**

and deadlines set by the Court's scheduling order and applicable law. Plaintiff also incorporates by reference all documents produced in response to Request for Production No. 1.

**Request for Production No. 5:** Provide all documents supporting your contention in paragraph 2 of the Complaint, specifically that two-thirds of students used student IDs to vote in Monroe County in 2024.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request because it calls for documents that are not within Plaintiff's possession, custody, or control, including documents supporting Plaintiff's claims that are in the custody of Defendants or other third parties. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Plaintiff also objects that this Request mischaracterizes the referenced allegation in paragraph 2 of the Complaint. The referenced allegation states: "The election supervisor for Monroe County—home to Indiana University Bloomington, which has an enrollment of nearly 50,000 students—estimated that *two-thirds* of students used student IDs to vote at the on-campus polling place in the 2024 general election."

**EXHIBIT 19**

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in requested paragraph of the Complaint as supporting this specific factual allegation therein or that are the sources of specific quoted remarks or data in the requested paragraph of the Complaint.

**Request for Production No. 6:** Provide all documents supporting the assertion in paragraph 8 of the Complaint that "young voters are less likely to have other accepted forms of voter ID, such as a passport or an Indiana driver's license or state ID card."

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request because it calls for documents that are not within Plaintiff's possession, custody, or control, including documents supporting Plaintiff's claims that are in the custody of Defendants or other third parties. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in the requested paragraph of the Complaint as supporting this specific factual allegation.

**EXHIBIT 19**

**Request for Production No. 7:** Paragraph 14 of the Complaint states: "While Count US IN serves community members across generations, the dominant age group that requests and utilizes its support and programs is under the age of 30. Count US IN's constituents include tens of thousands of supporters and volunteers registered with the organization who have committed to help people wait in long lines to vote, educate voters of their rights if they are turned away from the polls or experience discrimination, and serve as a resource for voters." Provide all documents that relate to and/or support the assertions in paragraph 14 of the Complaint that "the dominant age group that requests and utilizes [Plaintiff's] support and programs is under the age of 30" as opposed to older Hoosiers.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request because it calls for documents that are not within Plaintiff's possession, custody, or control, including documents supporting Plaintiff's claims that are in the custody of Defendants or other third parties. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in the requested paragraph of the Complaint as supporting this

**EXHIBIT 19**

specific factual allegation. Notwithstanding that limitation, Plaintiff will produce documents sufficient to show the average age of individuals who use Count US IN's tools related to voter registration.

**Request for Production No. 8:** Provide any and all documents supporting the assertion in paragraph 56 of the Complaint that "many students will be disenfranchised…solely because they relied on their student ID, which aside from being issued by an educational institution, otherwise meets all requirements for a photo ID under Indiana law."

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in the requested paragraph of the Complaint as supporting this specific factual allegation. Plaintiff further states that, as amended by SB 10, the law now requires an ID that both satisfies all requirements and is not issued by an educational institution to vote. Thus, by definition, individuals who do not have such a document will not be able to vote. Plaintiff

**EXHIBIT 19**

further incorporates by reference the detailed allegations in the Complaint, which explain the impact of SB 10 on student voters, as well as the documents produced in response to Defendants' Requests for Production.

**Request for Production No. 9:** Provide any and all documents that support the testimony described in paragraph 58 of the Complaint about the "difficulties of obtaining an alternate form of photo ID."

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff will produce the complete legislative history for SB 10. Plaintiff also incorporates by reference all documents produced in responses to Requests No. 1, 3, 4, 5, 6, and 8.

**Request for Production No. 10:** Provide any communications or documents concerning or related to SB 10, including emails; diary entries; calendar invites; Teams, Slack, or other instant messages; press releases; agenda; meeting transcripts or recordings; or text messages.

**EXHIBIT 19**

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome, including because it purports to encompass all "communications or documents *concerning or related to* SB 10"; further, the vast majority of communications related to SB 10 are unlikely to bear any relation to any party's claim or defense. Plaintiff further objects to this Request as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Request because it calls for documents that are not within Plaintiff's possession, custody, or control, including communications related to SB 10 that are in the custody of Defendants or other third parties. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Based on the foregoing objections, Plaintiff will not search for or produce documents responsive to this Request.

**Request for Production No. 11:** Provide all documents related to "voter registration drives on Indiana college campuses," "on- and off-campus voter protection efforts on Election Day," and efforts to "educate students about voting requirements," whether at private or public colleges, as described in paragraph 14 of the Complaint.

**EXHIBIT 19**

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further object to this Request as overly broad and unduly burdensome because it calls for "all" documents related to a particular subject matter; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to relate to the subject matter at issue. Plaintiff further objects to this Request as overly broad and unduly burdensome, in that it is not on its face limited to Plaintiff, but instead calls for all documents related to any voter registration drive or voter protection effort in Indiana. Plaintiff further objects to this Request to the extent that it calls for information that is not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 12:** Provide all documents supporting the assertion in paragraph 15 of the Complaint that "SB 10's Student ID Ban directly harms Count US IN's student constituents by restricting the forms of identification they can use to cast a ballot."

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further object to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as premature,

**EXHIBIT 19**

to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference all documents produced in response to Requests No. 1 and 8. Plaintiff will produce any other responsive documents consistent with the governing rules and any applicable orders of the Court.

**Request for Production No. 13:** Provide all documents supporting the assertion in paragraph 15 of the Complaint that SB 10 "strikes at the heart of Count US IN's organizational mission of encouraging student voter turnout and robust participation in the political process."

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent

**EXHIBIT 19**

that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in the requested paragraph of the Complaint as supporting this specific factual allegation. Notwithstanding that limitation, Plaintiff will produce all non-privileged materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 14:** Provide all documents supporting the assertion in paragraph 15 of the Complaint that SB 10 will "impede Count US IN's ability to effectively conduct its core get-out-the vote efforts."

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent

14

**EXHIBIT 19**

that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in the requested paragraph of the Complaint as supporting this specific factual allegation. Notwithstanding that limitation, Plaintiff will produce all non-privileged materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 15:** Provide all documents supporting the assertion in paragraph 15 of the Complaint that Plaintiff "expects that it will need to undertake significant efforts to educate students about the Student ID Ban."

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

**EXHIBIT 19**

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in the requested paragraph of the Complaint as supporting this specific factual allegation. Notwithstanding that limitation, Plaintiff will produce all non-privileged materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 16:** Provide any and all documents that will be used to educate students about SB 10.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff objects to this Request as vague and ambiguous, including because it does not provide standards for whether a given document "will be used" to "educate" students about SB 10. Plaintiff further objects to this Request as overly broad an unduly burdensome, including because on its face it is not limited to Count US IN's activities, but purports to encompass all material that "will" be used to "educate students about SB 10." Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order, and documents that Plaintiff may create in the future. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

**EXHIBIT 19**

Subject to and without waving the foregoing objections, Plaintiff will produce all non-privileged materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 17:** Provide any and all documents Plaintiff has prepared to address any effects of SB 10 on students, including all efforts described in paragraphs 15 and 16 of the Complaint.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome, in that it purports to call for all documents Count US IN has "prepared to address *any* effects of SB 10 on students"; on its face, this calls for a great deal of irrelevant and/or privileged material, including, for example, materials related to this litigation, which is intended to prevent SB 10's negative impact on students. Plaintiff further objects to this Request as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in the requested paragraphs of the Complaint as supporting the specific factual allegations therein or that are the sources of specific quoted remarks or data in the

**EXHIBIT 19**

requested paragraph of the Complaint. Notwithstanding that limitation, Plaintiff will produce all materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 18:** Provide any and all documents supporting the assertion in paragraph 17 of the Complaint that SB 10 "will divert time and resources away from other projects that Count US IN would otherwise undertake…"

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome, in that it purports to call for "all documents" related to the impact of SB 10 on Count US IN's operations. Plaintiff further objects to this Request as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further object to this Request to the extent it calls for documents that are not within Plaintiff's possession, custody, or control. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce the documents that were specifically identified in the requested paragraph of the Complaint as supporting this specific factual allegation. Notwithstanding that limitation, Plaintiff will produce

**EXHIBIT 19**

all materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 19:** Provide any and all training documents for use by Count US IN volunteers that may be used for student education or other activities.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff objects to this Request as overly broad and unduly burdensome, and/or vague and ambiguous, because it calls for all documents that "*may* be used for student education or other activities" without defining or delimiting the relevant terms; for example, the term "student education" is nebulous and undefined. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce all materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 20:** Provide any and all documents for use by Count US IN to educate students.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff objects to this Request as overly broad and unduly burdensome, and/or vague and ambiguous, because it calls for all documents for use "to educate

**EXHIBIT 19**

students," without providing any limitations related to the topic and without defining or delimiting the relevant terms. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Subject to and without waiving the foregoing objections, Plaintiff will produce all non-privileged materials related to voter registration, voter education, or elections maintained by Count US IN to provide to volunteers or the public that are within Count US IN's possession, custody, or control, and can be located after a reasonable search.

**Request for Production No. 21:** Provide all documents and communications discussing, referencing, or concerning any alleged burden or harm to Count US IN's constituents in any way related to SB 10.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome, including because it calls for "all documents . . . discussing, referencing, or concerning any alleged burden" that is "in any way related to SB 10." Plaintiff further objects to this Request as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client

**EXHIBIT 19**

privilege, the work-product doctrine, or any other applicable privilege or immunity, including the First Amendment privilege.

Based on the foregoing objections, Plaintiff will not search for or produce documents responsive to this Request.

**Request for Production No. 22:** Provide all documents supporting the assertion in paragraph 45 of the Complaint that students "face special barriers" to obtaining alternative forms of ID.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Request as overly broad and unduly burdensome because it calls for "all" documents supporting a contention; such requests are invariably overbroad because it is impossible to locate all possible documents that could be construed to support the contention at issue. Plaintiff further objects to this Request as premature, to the extent that it calls for documents associated with future filings, such as potential motions for a preliminary injunction or for summary judgment, in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff will produce documents that were specifically identified in the requested paragraph of the Complaint as supporting this specific factual allegation. Notwithstanding that limitation, Plaintiff incorporates by reference all documents produced in response to Requests No. 1 and 8.

**EXHIBIT 19**

**OBJECTIONS AND RESPONSES TO DEFENDANTS' INTERROGATORIES**

**Interrogatory No. 1:** Describe Count US IN's "student constituents" (cited in paragraph 15 of the Complaint), including their relationship with Count US IN, the number of constituents who attend an Indiana public college or university, the number who attend an Indiana private college or university, those who consider themselves Indiana residents for purposes of voting, and those who intend to vote in an Indiana election. When describing the attendance of Count US IN's "student constituents" identify both the total number of student constituents that attend a public or private university, as well as the attendance by school. For example, identify the number of student constituents that attend Indiana University at Bloomington, as well as the total number of constituents that attend public universities in Indiana. Provide the information requested by this interrogatory for each year since 2020, breaking the information down by year (i.e. "2020," "2021," "2022," "2023," "2024," and "2025").

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome, including because it calls for irrelevant or vaguely-defined information about Count US IN's constituents, such as their "relationship with Count US IN." Plaintiff further objects to this Interrogatory as seeking information that is not within Count US IN's possession, custody, or control; for example, Count US IN does not track whether its constituents "consider themselves Indiana residents for purposes of voting." Plaintiff further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Count US IN works to uplift the voices of Hoosiers statewide, particularly by working to facilitate a more robust and diverse voter turnout. While Count US IN's voter registration,

**EXHIBIT 19**

education, and election protection efforts serve all Hoosiers, Count US IN places a special
emphasis on groups at risk of being excluded in the political process, including students. Count
US IN serves its student constituents by conducting voter registration, voter education, and election
protection efforts on or near college campuses or at events predominantly attended by young
Hoosiers. Count US IN's student constituents also rely on Count US IN's online communications
for information about voting and other civic issues. Many of the students Count US IN serves
encounter the organization when they receive its assistance with registration and voting. Many
students also interact with Count US IN through its online materials. Count US IN relies on
volunteers to support its organizational mission, and many of those volunteers are either students,
or volunteers who work on or near college campuses to engage students politically. However,
Count US IN is not a membership organization, and it does not maintain a database of information
about its volunteers, much less each individual student served by its programs. Count US IN
therefore lacks the granular information called for by this Interrogatory, such as  the exact "number
of student constituents" who attended particular universities or the exact number or identity of
constituents who "consider themselves Indiana residents for purposes of voting."

**Interrogatory No. 2:** Describe whether Count US IN is a membership organization that
seeks relief for its members and, if so, the basis for that belief.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as
though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and
unduly burdensome, and/or directed to a legal conclusion, because it seeks the "basis" for Count
US IN's "belief" that it is a "membership organization." Plaintiff further objects to this
Interrogatory to the extent that it calls for information protected by the attorney-client privilege,
the work-product doctrine, or any other applicable privilege or immunity.

**EXHIBIT 19**

Subject to and without waiving the foregoing objections, Plaintiff states that Count US IN is not a membership organization that seeks relief for its members.

**Interrogatory No. 3:** Describe in detail how Plaintiff as an organization has been harmed, including all resources diverted to address any changes brought by SB 10. Please specifically describe the other programs from which resources have been diverted and the alleged objective harm to those programs.

**Plaintiff's Objections and Responses:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome, including because it purports to require Plaintiff to "[d]escribe in detail" a particular theory of harm. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Interrogatory to the extent it implies that "objective harm" to "other programs" is the only cognizable harm that SB 10 has caused for Count US IN as an organization. Plaintiff further objects to this Interrogatory as cumulative of Defendants' other Interrogatories, including Interrogatory Nos. 2 and 4. Plaintiff further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff states as follows. As set forth in the Complaint, SB 10 harms Count US IN because it directly interferes with its core business activities essential to its mission, namely, helping students vote and cast ballots that will ultimately be counted. For example, Count US IN educates students about voting requirements and conducts voter protection efforts on Election Day, including for people who are turned away

**EXHIBIT 19**

at the polls. Since students have relied on student IDs to vote in Indiana for many years, Count US IN will need to undertake significant efforts to educate students about the Student ID Ban. Count US IN will need to train its volunteers about the Ban—including re-training volunteers who were trained before the Ban was put in place. It will also need to provide guidance to students on how to obtain alternate forms of ID, and help students obtain alternate forms of ID, none of which was previously essential to Count US IN's get-out-the-vote efforts, but will be once the ban goes into effect. Count US IN must also redevelop its voter education and informational materials—and create new, separate materials concerning how the Ban affects Indiana's voter ID requirements— since the organization cannot perform its basic function if it does not explain the Ban. Without taking these steps, Count US IN's core program would be fundamentally weakened.

Count US IN also operates an Election Defenders program. Through this program, it situates volunteers at polling places to assist voters in ensuring that their votes are counted, and to provide guidance to voters when they encounter hurdles. For example, Count US IN's Election Defenders volunteers can provide information and education to voters who need to fill out provisional ballots. Count US IN expects that the Student ID Ban will cause significant confusion among students who attempt to vote using their student IDs and are either turned away from the polls or required to complete provisional ballots. This confusion will then place an additional strain on Count US IN's Election Defender volunteers, who will need to provide information to students on acceptable forms of ID and assisting them in presenting their ID to the circuit court clerk or county election board. This will cost volunteer time that could be spent on other tasks and limit the total number of people the volunteers can serve. It will also weaken volunteers' ability to perform other aspects of their role, including by providing a supportive and welcoming atmosphere that encourages voters.

**EXHIBIT 19**

Moreover, notwithstanding these efforts, the Ban makes Count US IN's program to help students vote more challenging and less effective because student voters must now satisfy different requirements in order to cast their ballots. Additionally, based on Count US IN's experience in connecting with and educating voters, students who have a negative experience at the polls—for example, because they are turned away for not having an acceptable form of ID due to SB 10—may be deterred from voting in the future. This impedes the core services Count US IN provides in furtherance of its mission.

**Interrogatory No. 4:** Describe in detail how Plaintiff's "constituents" have been harmed by SB 10.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome, and/or directed to a legal conclusion, because it asks Count US IN to describe how its constituents "have been harmed by SB 10." Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Interrogatory as seeking information that is not within Plaintiff's possession, custody, or control; Count US IN does not maintain records of how every law related to voting affects each of its individual constituents. Plaintiff further objects to this Interrogatory as cumulative of Defendants' other Interrogatories, including Interrogatory Nos. 2 and 3. Plaintiff further objects that this Interrogatory prematurely calls for expert testimony. Plaintiff further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

**EXHIBIT 19**

Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference its responses to Interrogatory Nos. 2 and 3. Plaintiff further states that SB 10 surgically targets student voters because it explicitly requires an ID that satisfies all requirements and is not issued by an educational institution to vote. Thus, by definition, students who do not have such a document will not be able to vote. Since students face special barriers to obtaining alternative forms of voter ID, SB 10 will make voting more burdensome or impossible for the students Count US IN serves. Plaintiff further incorporates by reference the detailed allegations in the Complaint, which explain the impact of SB 10 on student voters, as well as the documents produced in response to Defendants' Requests for Production and Plaintiffs' response to Interrogatory No. 6.

**Interrogatory No. 5:** If Count US IN intends to claim associational standing, identify each member or constituent of Count US IN that Count US IN contends has standing to challenge SB 10 in his or her own right.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome, including because it seeks information concerning "*each member or constituent*" of Count US IN; Defendants have provided no reason why they are entitled to information about every member or constituent of Count US IN who has been affected by SB 10. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

**EXHIBIT 19**

Subject to and without waiving the foregoing objections, Plaintiff states that Count US IN is not a membership organization and thus does not intend to claim associational standing. Plaintiff further incorporates by reference its response to Interrogatory No. 2.

**Interrogatory No. 6:** Describe in detail the ways by which "many students will be disenfranchised" because of SB 10.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome, including because it purports to require Plaintiff to "describe in detail" the factual basis for its allegations. Plaintiff further objects to this Interrogatory as cumulative of Plaintiff's other Interrogatories, including Interrogatory Nos. 2 and 4. Plaintiff further objects to this Interrogatory as premature, to the extent that it calls for material that Plaintiff may be required to provide to support its motions for a preliminary injunction or for summary judgment in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff incorporates by references its responses to Interrogatory Nos. 2 and 4. Plaintiff further states that, as amended by SB 10, the law now requires an ID that both satisfies all requirements and is not issued by an educational institution to vote. Thus, by definition, individuals who do not have such a document will not be able to vote. Due to the Student ID Ban, students who would have used their student

28

**EXHIBIT 19**

IDs to comply with Indiana's photo ID requirements cannot vote at all unless they have—or can obtain—another form of acceptable photo ID. This can be challenging for students, who are less likely than other Indiana residents to have an Indiana-issued ID other than their student ID or another qualifying form of identification, and are less likely to have the documentation required to obtain an Indiana driver's license or ID card. These challenges can compound other difficulties students may face in voting, including difficulties in obtaining transportation to the polls. Additionally, as a practical matter, many students will not learn that they cannot use their student IDs until they come to the polls to vote. Many students will also not qualify to vote absentee in Indiana. Therefore, SB 10 will effectively disenfranchise many students. Plaintiff further incorporates by reference the detailed allegations in the Complaint, which explain the impact of SB 10 on student voters, as well as the documents produced in response to Defendants' Requests for Production.

**Interrogatory No. 7:** Describe in detail any burden a student may have obtaining a photo ID aside from a student ID, and whether a student at a public college or university has any more difficulty obtaining such identification than a student at a private college or university.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory because it calls for a response that addresses irrelevant subject matter, in that it is not limited to Indiana; it calls for information regarding barriers to obtaining *any* "photo ID aside from a student ID," regardless of whether such a form of ID would satisfy Indiana's voter ID law; and it calls for information about any differences between students at private and public educational institutions, which has no relevance to Plaintiff's claims. Plaintiff further objects to this Interrogatory as cumulative of other Interrogatories, including Interrogatory Nos. 4 and 6. Plaintiff further objects to this Interrogatory

**EXHIBIT 19**

as premature, to the extent that it calls for material that Plaintiff may be required to provide to support its motions for a preliminary injunction or for summary judgment in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Request to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference its responses to Interrogatory Nos. 4 and 6. Plaintiff further states that Indiana's voter ID law requires a voter to present (1) a document issued by the Indiana or United States government with the voter's name, photo, and expiration date, or (2) a document issued various United States military offices or a Native American Indian tribe or band with the voter's name and photo. *See generally* Ind. Code § 3-5-2.1-84. The second category is available only to military members, veterans, or members of Native American tribes, and thus is not generally applicable to students who do not fit into those categories. There are a limited number of forms of identification that satisfy the first category. Aside from a student ID, the most accessible form of ID that satisfies these requirements is an Indiana state ID or driver's license, which are issued by the Indiana Bureau of Motor Vehicles ("BMV"). But students are less likely to possess an Indiana state ID or driver's license than other Hoosiers. Moreover, obtaining an Indiana state ID or driver's license—even for drivers licensed by other states—requires providing documentation that students are less likely to possess.

**Interrogatory No. 8:** Identify how many of Count US IN's "student constituents" have digital student IDs.

**EXHIBIT 19**

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as vague and ambiguous because it does not define "digital student IDs." Plaintiff further objects to this Interrogatory as seeking information that is not within Count US IN's possession, custody, or control; for example, Count US IN does not track the forms of identification that each of its individual constituents possesses, nor is such information commonly collected by political organizations. Plaintiff further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff states that it has no knowledge as to how many of Count US IN's student constituents "have digital student IDs." However, Plaintiff is aware that, prior to SB 10, its student constituents regularly relied on their student IDs to vote. Plaintiff further incorporates by reference its response to Interrogatory No. 2.

**Interrogatory No. 9:** Describe in detail how Plaintiff has assisted students with registering to vote since 2020.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome, in that it requires Plaintiff to "[d]escribe in detail" Count US IN's effort to assist students with voter registration. Plaintiff further objects to this Interrogatory as vague and ambiguous, in that it does not specify any particular aspect of Count US IN's efforts to help students register to vote. Plaintiff further objects to this Interrogatory to the extent that it calls for

**EXHIBIT 19**

information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference its Response to Interrogatory No. 3. Plaintiff further states that Count US IN has routinely organized voter registration drives and voter education events on college campuses since 2020. Count US IN also conducts on- and off-campus voter protection efforts on Election Day, including for people who are turned away at the polls. Count US IN coordinates with volunteers and partners to deliver educational lectures at schools, including lectures on civic literacy, which typically include information on how to register and vote in Indiana. Plaintiff further incorporates by reference the documents it will produce in response to Defendants' Requests for Production.

**Interrogatory No. 10:** Describe in detail the differences between Plaintiff's voter registration activities since 2020 with students at public universities and colleges and students at private universities and colleges.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects that this Interrogatory calls for irrelevant information, since voter ID is required when a student votes at the polls, not at registration. Plaintiff further objects that the term "voter registration activities" is vague and undefined. Plaintiff further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff states there are no categorical differences between how Count US IN helps students register to vote at public and private universities. However, Count US IN provides voter education in addition to voter registration, and after SB 10, Count US IN will need to make special efforts to educate students at

**EXHIBIT 19**

public colleges and universities about how to comply with the voter ID law. These students have long been able to rely on student ID to vote. Ensuring that they will understand the change in the law and bring an acceptable alternative ID will require robust education and outreach. Count US IN also anticipates that students who have been able to rely on student ID to vote in the past are more likely to arrive at the polls without an acceptable alternative and be turned away, and that this will occupy a significant portion of the resources for the Election Defender program.

**Interrogatory No. 11:** Identify each member of Count US IN involved in this lawsuit and describe the members' involvement.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome, in that it asks Plaintiff to identify "*each member*" of Count US IN involved in this lawsuit. Plaintiff further objects to this Interrogatory as vague and ambiguous, in that it does not define "involved in this lawsuit" or explain what sort of description Plaintiff must provide of each member's involvement. Plaintiff further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff states that Count US IN is not a membership organization, and thus does not intend to claim standing on behalf of its members. The in-house contact at Count US IN who is supervising this litigation is Jalyn Radziminski.

**Interrogatory No. 12:** Identify each member of Count US IN who Count US IN contends is injured by SB 10 and would have standing to sue in his or her own right, with a description of how they have been harmed.

**EXHIBIT 19**

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome, including because it seeks information concerning "*each member*" of Count US IN who has been injured by SB 10; Defendants have provided no reason why they are entitled to information about every member or constituent of Count US IN who has been affected by SB 10. Plaintiff further objects to this Interrogatory as overly broad and unduly burdensome because it references "SB 10" as a whole, but SB 10 includes multiple provisions in addition to the Student ID Ban that Plaintiff challenges. Plaintiff further objects to this Interrogatory as cumulative of Defendants' other Interrogatories, including Interrogatory No. 5. Plaintiff further objects to this Interrogatory to the extent that it calls for information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff states that Count US IN is not a membership organization and thus does not intend to claim standing on behalf of its members.

**Interrogatory No. 13:** Provide information about Plaintiff's student members or constituents, including:

a. Number of student members or constituents and percentage of total membership,

b. Number who have digital student IDs,

c. Number with student IDs without an expiration date on the card,

d. Number who have Indiana driver's licenses or identification cards and number who have driver's license or identification cards from any other state,

e. Number who attend a public college or university and number who attend a private college or university,

**EXHIBIT 19**

f. Number who own, lease, or have access to automobiles, motorcycles or mopeds, electric

bicycles or scooters, or have access to public transportation,

g. Number who allegedly are unable to access their birth certificates or social security cards

or any other document needed to secure Indiana identification to vote in Indiana.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as

though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and

unduly burdensome, including because it seeks irrelevant information concerning Count US IN's

constituents. Plaintiff further objects to this Interrogatory as seeking information that is not within

Plaintiff's possession, custody, or control; Count US IN does not maintain granular records on the

precise number of its constituents that attend public colleges, have vehicles, or have easy access

to proof of identity. Plaintiff further objects to this Interrogatory to the extent that it calls for

information protected by the attorney-client privilege, the work-product doctrine, or any other

applicable privilege or immunity.

Subject to and without waiving the foregoing objections, Plaintiff incorporates by reference

its response to Interrogatory No. 1.

**Interrogatory No. 14:** Provide the factual basis for the assertions in paragraphs 42 and 59

of the Complaint, specifically that students are less likely than other Indiana residents to have an

Indiana driver's license.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as

though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and

unduly burdensome, including because it purports to call for the complete "factual basis" for an

allegation in the Complaint. Plaintiff further objects to this Interrogatory as premature, to the extent

that it calls for material that Plaintiff may be required to provide to support its motions for a

35

**EXHIBIT 19**

preliminary injunction or for summary judgment in advance of the deadlines set by the Court's
scheduling order. Plaintiff further objects to this Request to the extent that it prematurely calls for
expert testimony. Plaintiff further objects to this Request to the extent that it calls for material
protected by the attorney-client privilege, the work-product doctrine, or any other applicable
privilege or immunity.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d), Plaintiff
directs Defendants to the documents it produced in Responses to Requests for Production Nos. 3,
4, 5, 6, 8, and 9, which Plaintiff will supplement as it identifies additional documents. Information
responsive to this Interrogatory can be gathered from those materials as readily by Defendants as
by Plaintiff. Plaintiff further directs Defendants to the testimony in the Indiana legislative floor
debates on SB 10.

**Interrogatory No. 15:** Provide the factual basis for the assertions in paragraph 63 of the
Complaint.

**Plaintiff's Objections and Response:** Plaintiff incorporates its general objections as
though fully set forth herein. Plaintiff further objects to this Interrogatory as overly broad and
unduly burdensome, including because it purports to call for the complete "factual basis" for an
allegation in the Complaint. Plaintiff also objects to this Interrogatory because Paragraph 63 of the
Complaint is framed in the negative—it alleges that "there is no evidence" that non-residents of
Indiana are voting or using student IDs to vote, and that Indiana's voter ID law is not "structured
to confirm voter's residence or citizenship." Thus, the burden is not on Plaintiff to prove this
allegation; rather, Paragraph 63 alleges that *Defendants* have not supplied categories of evidence
that could be used to support SB 10. Plaintiff further objects to this Interrogatory as premature, to
the extent that it calls for material that Plaintiff may be required to provide to support its motions

**EXHIBIT 19**

for a preliminary injunction or for summary judgment in advance of the deadlines set by the Court's scheduling order. Plaintiff further objects to this Interrogatory to the extent that it prematurely calls for expert testimony. Plaintiff further objects to this Interrogatory to the extent that it calls for material protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Based on the foregoing objections, Plaintiff will not respond to this Interrogatory.

**EXHIBIT 19**

Dated: January 15, 2026                    Respectfully submitted,

                                           /s/ Aria C. Branch
                                           Aria C. Branch*
                                           Katie Chamblee-Ryan*
                                           Derek Zeigler*
                                           Max C. Accardi*
                                           **ELIAS LAW GROUP LLP**
                                           250 Massachusetts Avenue NW, Suite 400
                                           Washington, D.C. 20002
                                           abranch@elias.law
                                           kchambleeryan@elias.law
                                           dzeigler@elias.law
                                           maccardi@elias.law
                                           Tel: (202) 968-4490

                                           Jeffrey Macey
                                           **Macey Swanson LLP**
                                           429 N. Pennsylvania Street, Suite 204
                                           Indianapolis, IN 46204
                                           jmacey@maceylaw.com

                                           *Attorneys for Plaintiffs*
                                           *Admitted *Pro Hac Vice*

**EXHIBIT 19**

## <u>Certificate of Service</u>

I certify that on January 15, 2026, a copy of the foregoing was sent by email to all counsel of record for Defendants.

/s/ Aria C. Branch
Aria C. Branch

**EXHIBIT 19**