**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| COUNT US IN, WOMEN4CHANGE INDIANA, and JOSH MONTAGNE,<br><br>Plaintiffs,<br><br>v.<br><br>DIEGO MORALES, in his official capacity as Indiana Secretary of State, et al.,<br><br>Defendants. | ) | Case No. 1:25-CV-00864-RLY-MKK |

**STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SEVENTH CIRCUIT DECISION**

On September 8, 2026, the United States Court of Appeals for the Seventh Circuit scheduled oral argument in the State Defendants' interlocutory appeal from this Court's order granting Plaintiffs' motion for preliminary injunction. Oral argument is set for October 27, 2026. The State Defendants respectfully request that the Court stay the merits proceedings in this matter pending a decision from the Seventh Circuit. Because the appeal involves many of the same legal issues now before the Court on summary judgment, proceeding in the interim would impose avoidable litigation burdens on the parties and the Court alike. And because early voting begins on October 6, 2026, less than a month from the filing of this motion, any relief Plaintiffs might obtain at summary judgment would be barred by the *Purcell* doctrine in any event. A brief stay therefore costs Plaintiffs nothing while conserving the resources of all concerned.

This Court has the inherent authority to manage its docket, including the power to stay proceedings. *See Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In deciding whether to grant a stay, courts weigh whether a stay will promote judicial economy and reduce the burdens of litigation against whether any party will suffer prejudice. *See Tonn & Blank Const., LLC v. Sebelius*, 968 F. Supp. 2d 990, 993 (N.D. Ind. 2013) (collecting cases). Both factors favor a stay here.

A stay would promote judicial economy because the interlocutory appeal presents substantially the same questions of law at issue in the parties' cross-motions for summary judgment. The parties have fully briefed the appeal, and the issues overlap with those before this Court. The Seventh Circuit is considering, among other things, whether *Crawford v. Marion County Election Board*, 553 U.S. 181 (2008), disposes of the issues in this case; the magnitude and character of the burden SB 10 places on voting rights; the proper analysis of voting rights burdens under the *Anderson-Burdick* framework; and the State's interests related to SB 10. The factual record before the Court of Appeals also closely parallels the summary judgment record. While some factual development occurred after the preliminary injunction stage, much of the relevant evidence is already contained in the record before the Seventh Circuit.

Staying proceedings would allow the Seventh Circuit to speak on the legal

framework governing this case and would spare the parties the burden of re-briefing issues that the Court of Appeals may soon resolve or at least narrow. *See, e.g., Cook Med. Inc. v. Griffin*, 2008 WL 2691093, at *1 (S.D. Ind. July 3, 2008) (staying dispositive motions pending appeal of a preliminary injunction because the appeal concerned a "central and dispositive issue"). And because the appeal is already fully briefed and set for oral argument next month, the stay need not be a lengthy one.

A stay will not prejudice the Plaintiffs. Although Plaintiffs have sought an expedited decision, this case now falls squarely within the *Purcell* window. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) (per curiam). Early voting begins on October 6, 2026—less than four weeks from the filing of this motion. The Supreme Court and Seventh Circuit have consistently stayed injunctions of election rules issued on comparable or longer timelines. *See Merrill v. Milligan*, 142 S. Ct. 879, 880 (2022) (staying injunction issued seven weeks before primary elections); *Democratic Nat'l Comm. v. Bostelmann*, 977 F.3d 639, 642 (7th Cir. 2020) (staying injunction granted six weeks before election); *Common Cause Indiana v. Lawson*, 978 F.3d 1036, 1042 (7th Cir. 2020) (same, five weeks); *Common Cause Indiana v. Lawson*, 977 F.3d 663, 664 (7th Cir. 2020) (same).

Because this case is within the *Purcell* window, any order granting injunctive relief in Plaintiffs' favor should not issue until after the election. At that point, any claimed urgency to enjoin SB 10 will have dissipated. Plaintiffs therefore suffer no cognizable prejudice from a stay that merely preserves the status quo during a period in which they could not obtain effective relief in any event.

## CONCLUSION

For the foregoing reasons, the State Defendants respectfully request that the Court stay all merits proceedings in this case pending the Seventh Circuit's decision in *Count Us In v. Morales*, No. 26-1783 (7th Cir.).


THEODORE E. ROKITA
Attorney General of Indiana

*/s/ Andrew Nussbaum*
JAMES A. BARTA
Solicitor General

JEFFERSON S. GARN
KYLE HUNTER
Deputy Attorneys General

Office of Attorney General Todd Rokita
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
(317) 232-5933
James.Barta@atg.in.gov

ANDREW NUSSBAUM
CHRISTOPHER O. MURRAY

First & Fourteenth PLLC
2 N. Cascade Avenue, Suite 1430
Colorado Springs, CO 80903
(719) 286-2475
andrew@first-fourteenth.com
chris@first-fourteenth.com

JAMES COMPTON

First & Fourteenth PLLC
800 Connecticut Avenue, Suite 300
Washington, D.C. 20006
(202) 998-1978
james@first-fourteenth.com

*Counsel for State Defendants*