UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COUNT US IN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00864-RLY-MKK |
| | ) | |
| DIEGO MORALES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Defendants' Motion to Stay Proceedings Pending Seventh Circuit Decision. Dkt. [135]. For the following reasons, that Motion is **DENIED**.

This case concerns Senate Bill 10 ("SB 10") which was enacted in 2025 and "eliminated student IDs as an acceptable form of identification at the polls." (Dkt. 98 at 1). On April 14, 2026, the Court issued a Preliminary Injunction prohibiting Defendants "from enforcing SB 10, to the extent that it prohibits voters from using documents issued by educational institutions as proof of identification, until this case has been finally resolved." (Dkt. 99). Defendants appealed. (Dkt. 102). On April 20, 2026, the Seventh Circuit stayed the Preliminary Injunction pending appeal. (Dkt. 106).

Since that time, the case has progressed. On May 1, 2026, Plaintiffs filed their Motion for Summary Judgment. (Dkt. 107). Defendants filed their Cross-

Motion for Summary Judgment four weeks later. (Dkt. 109). Briefing on both motions is complete, and Plaintiffs have requested an expedited decision. (Dkt. 116).

Appellate briefing concluded on August 5, 2026. On September 8th, the Seventh Circuit set oral argument for October 27, 2026. Six days later, Defendants filed the Motion to Stay Proceedings Pending Seventh Circuit Decision now before the Court. Dkt. [135]. In their Motion, Defendants note the oral argument date and argue that staying the case pending the Seventh Circuit's decision will promote judicial economy and "conserve[e] the resources of all concerned." (*Id.* at 1). Defendants further submit that a stay will not prejudice Plaintiffs, because "this case now falls squarely within the *Purcell* window." (*Id.* at 3 (noting early voting begins on Oct. 6, 2026)). Defendants assert that courts "have consistently stayed injunctions of election rules issued on comparable or longer timelines." (*Id.*).

Plaintiffs responded quickly. (Dkt. 136). They emphasize that the appeal has been pending for months and that the "scheduled argument date says nothing about when the court will decide the appeal." (*Id.* at 1). They challenge Defendants' assertion that the case falls within the *Purcell* window and argue that the relevant question is not a matter of counting days but rather whether a court order would cause voter confusion. (*Id.* at 2; *see also id.* at 3-4 ("*Purcell* addresses only whether there is equitable bar to relief; it says nothing about the merits of the plaintiffs' claims.")). Plaintiffs also contest Defendants' judicial economy argument, arguing that a final merits ruling would moot the pending interlocutory appeal. (*Id.* at 4). Finally, Plaintiffs assert that a stay of this case pending resolution of the appeal

would prejudice them by "mak[ing] relief for the November 2026 election impossible[.]" (*Id.* at 1–2).

In Defendants' September 21st reply, they reiterate their judicial economy and *Purcell* window arguments. (Dkt. 137). They also claim that Plaintiffs ignored the issue of prejudice and submit that "Plaintiffs' own *Purcell* deadline" was August 14, 2026. (*Id.* at 2 (citing Dkt. 116 at 5)).

The Court enjoys ample discretion in deciding whether to stay proceedings. *See Radio Corp. of America v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "An appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision. This is so for appeals concerning preliminary injunction." *Ind. State. Conf. of the NAACP v. Lawson*, No. 1:17-cv-02897-TWP-MPB, 2018 WL 4853567, at *1 (S.D. Ind. Oct. 5, 2018) (citing *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006)). In considering a stay request, the Court considers whether a stay would (a) unduly prejudice the non-moving party, (b) simplify the issues, and/or (c) reduce the burden of litigation on the parties and the court. *Id.* at *2.

Here, the Court does not find that Defendants have shown that a stay is warranted. First, the Court is not convinced that judicial economy necessitates a stay. Although this Court is likely to gain guidance from the anticipated Seventh Circuit decision on interlocutory appeal, Plaintiffs are correct that a final merits

decision would likely moot that appeal and allow the Seventh Circuit, as necessary, to hear any additional appellate arguments in one instance. Streamlining appellate review has obvious advantages.

The Court further finds that Plaintiffs have demonstrated that prejudice would likely result from the requested (indefinite) stay of the merits proceedings. As Plaintiffs state in their response, Defendants' request, if granted, would render "relief for the November 2026 election impossible." (Dkt. 136 at 1–2). Defendants do not contest this assertion; instead, they incorrectly claim Plaintiffs ignored the issue of prejudice. (*See* Dkt. 137 at 1).

Defendants' argument that any prejudice to Plaintiffs is negated by the fact that the case "falls within the *Purcell* window" is not well taken. Defendants provided only barebones support for this argument in their opening brief. When Plaintiffs challenged Defendants' position by emphasizing the question of "voter confusion" (or lack thereof), (*see* Dkt. 136 at 2), Defendants ignored the issue and instead chose to baldly assert that Plaintiffs had previously articulated a *Purcell* deadline of August 14, (Dkt. 137 at 2 (citing Dkt. 116 at 5)). The Court disagrees: Plaintiffs' filing at Docket No. 116 said nothing of the sort. To the contrary, Plaintiffs wrote, "While Plaintiffs *disagree* that an injunction at any time prior to the November election would be disruptive or cause confusion, issuing relief more than 45 days before early voting begins . . . should resolve any arguments to the contrary." (Dkt. 116 at 3 (emphasis added); *see also id.* at 5 (citing Aug. 14, 2026, as one "week ahead of [Defendants'] purported drop-dead date")). In short, the Court

finds that Defendants' *Purcell* argument is cursory and undeveloped and therefore gives it little weight.

In sum, after considering the relevant factors, the Court does not find good cause to stay the merits proceeding. The Court therefore **DENIES** Defendants' Motion to Stay, Dkt. [135].

So **ORDERED**.

Date: 09/24/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email